**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**RUSSELL GARNET TURNER,**
**Petitioner,**

**v.** **CIVIL ACTION NO. 3:18-CV-58 (GROH)**

**JENNIFER SAAD, Warden,**
**Respondent.**

# REPORT AND RECOMMENDATION

## I. INTRODUCTION

On April 23, 2018, the *pro se* Petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1[1]. Petitioner is a federal inmate housed at FCI Gilmer who challenges his sentence imposed in the United States District Court for the Western District of North Carolina. Id. at 1, 5. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Sentencing and Conviction[2]

On November 1, 1999, a grand jury in the United States District Court for the Western District of North Carolina, returned an indictment which charged Petitioner and several co-defendants with various controlled substance violations. ECF No. 3. The

[1] ECF Numbers cited herein refer to case number 3:18-CV-58 unless otherwise noted.

[2] The facts in Section II.A. are taken from Petitioner's criminal case from the Western District of North Carolina, case number 5:99-CR-71, available on PACER. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may property take judicial notice of public record"); Colonial Penns. Ins. Co. v. Coil, 867 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records'").

Government filed an 18 U.S.C. § 851 information, thereby subjecting Petitioner to a penalty of "not more than 30 years" for his offense. ECF No. 258 at 2, U.S.C.A. 4th Cir. 11-7079, ECF No. 13. By that notice, "the Government asserted that the petitioner previously had sustained four drug convictions in the North Carolina State court system; and that upon his conviction for either of the two pending charges, he could be subject to an enhanced penalty [of] mandatory life imprisonment." ECF No. 258 at 2.

On March 2, 2000, Petitioner entered a plea of guilty, pursuant to a written plea agreement, to Count One of the indictment, which charged him with conspiracy to possess with intent to distribute a quantity of cocaine and cocaine base. ECF Nos. 62, 63. On August 30, 2001, Petitioner was sentenced, under the then-mandatory United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines"), as a career offender[3] to 360 months of imprisonment. ECF Nos. 223, 258 at 7.

Petitioner timely appealed to the Fourth Circuit Court of Appeals in that court's docket number 01-4706. ECF No. 258 at 7. In his appeal, Petitioner challenged the validity of his guilty plea, and argued that he received ineffective assistance of counsel. Id. The Fourth Circuit rejected Petitioner's arguments, dismissed the appeal in part and affirmed the judgment in part in an unpublished per curiam opinion decided August 30, 2002. ECF Nos. 244, U.S. v. Turner, 43 Fed. App'x. 704 (2002). On March 24, 2003, the Supreme Court denied Petitioner's petition for a writ of certiorari. ECF No. 258.

[3] Pursuant to U.S.S.G. § 4B1.1(a), "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." The term "crime of violence" is defined by U.S.S.G. § 4B1.2(a) to mean "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

On May 27, 2003, Petitioner filed a 28 U.S.C. § 2255 Motion[4] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 253. In his § 2255 motion Petitioner "again challenged his guilty plea, this time claiming that it was unlawfully induced by trial counsel's false promise of a ten-year sentence. In addition, the petitioner argue[d] that [the] Court abused its discretion in calculating his sentence." ECF No. 258 at 8. On August 21, 2006, the Court denied Petitioner's § 2255 motion for failure to establish that his counsel's assistance was ineffective. Id.

On March 11, 2008, and April 29, 2009, Petitioner filed two separate motions to reduce his sentence. ECF Nos. 260, 286. On August 6, 2011, the district court denied both motions. ECF No. 304. Petitioner filed a notice of intent to appeal with the Fourth Circuit Court of Appeals on August 12, 2011, in a case later assigned docket number 11-7079. ECF Nos. 305, 307. On March 29, 2012, the Fourth Circuit affirmed the decision of the district court which denied Petitioner's motions to reduce sentence. ECF No. 311. On April 10, 2012, Petitioner filed another motion to reduce sentence which the district court again denied on August 23, 2012. ECF Nos. 3312, 318.

On May 26, 2016, Petitioner filed a second 28 U.S.C. § 2255 Motion[5] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and a memorandum in support thereof. ECF Nos. 327, 327-1. On November 1, 2016, the Motion was denied as an unauthorize second or successive § 2255 motion. ECF No. 329.

On May 23, 2019, Petitioner filed an unopposed motion to reduce sentence pursuant to the First Step Act of 2018. ECF No. 333. Following preparation of a

[4] This motion was also docketed in 5:03-CV-78 in the Western District of North Carolina.

[5] This motion was also docketed in 4:07-CV-20 in the Eastern District of Tennessee.

presentence investigation report, on August 7, 2019, the court entered an order granting Petitioner's unopposed motion to reduce sentence. ECF Nos. 334, 335. The Order noted that Petitioner's "sentence has not been previously reduced by the operation of Sections 2 or 3 of the Fair Sentencing Act of 2010, and no previous motion has been made by the [Petitioner] pursuant to Section 404 of the First Step Act of 2018." ECF No. 335 at 3.

**B. Instant § 2241 Petition**

At the time Petitioner filed his pending §2241 motion, he was incarcerated at FCI Gilmer, in Glenville, West Virginia. ECF No. 1. According to the Bureau of Prisons Inmate Locator page, Petitioner is no longer incarcerated by the Federal Bureau of Prisons, having been released on August 8, 2019. https://www.bop.gov/inmateloc/.

In his pending § 2241, Petitioner requested "to be [r]e-[s]entenced in [a]ccordance with the law and for this Court to Order an immediate release." ECF No. 1 at 8.

## III. LEGAL STANDARD

**A. Pro Se Litigants**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[6] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### B. Review of Petitions

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## IV. ANALYSIS

Petitioner, federal inmate number 15130-058, filed a habeas corpus claim pursuant to 28 U.S.C. § 2241, challenging his sentence and seeking release from incarceration. Subsequently, the federal court where Petitioner was convicted, granted the motion filed

[6] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

pursuant to the First Step Act of 2018. Following the entry of this order, Petitioner was released from BOP custody.

Pursuant to 28 U.S.C. § 2241(c)(1), "The writ of habeas corpus shall not extend to a prisoner unless—(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof." According to the BOP Inmate Locator service,[7] Petitioner was released from BOP custody on August 8, 2019.

This Court lacks jurisdiction because Petitioner is no longer in custody of the United States. In Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94–95 (1998), the Supreme Court wrote that "without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." See also Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999). Because this Court lacks jurisdiction, this court cannot entertain the petition.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITH PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page

[7] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/.

limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: December 5, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE